# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT ROMERO,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　**No. CIV 01-0925 MCA/LCS**

**ERASMO BRAVO,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Respondent's Motion to Dismiss (Doc. 13), filed October 29, 2001. Petitioner responded to this Motion on November 30, 2001. The United States Magistrate Judge, having considered the Motion, memorandum, record, and applicable law, finds that Respondent's Motion is well-taken and recommends that it be **GRANTED**.

## PROPOSED FINDINGS

1.    Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the First Amended Judgment, Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico, dated January 18, 2000. Petitioner was sentenced to ten years less one day imprisonment with four years suspended less one day, for a total term of six years incarceration, to be followed by four years of probation. (Answer, Ex. A..)

2.    On September 10, 1997, a jury convicted Petitioner of two counts of residential burglary, one count of larceny and one count of criminal damage to property. (Answer, Ex. A.) Petitioner filed a direct appeal. (Answer, Ex. B.) On August 25, 1998, the New Mexico Court of

Appeals affirmed. (Answer, Ex. H.) Petitioner filed a petition for a writ of certiorari with the Supreme Court of New Mexico. (Answer, Ex. I.) The New Mexico Supreme Court denied certiorari on August 14, 2000. (Answer, page 2.) On October 23, 2000, Petitioner filed a Motion for Pre-Sentence Confinement Time with the state district court. (Answer, Ex. N.) On October 25, 2000, the state district court denied Plaintiff's Motion for Pre-Sentence Confinement Time. (Answer, Ex. O.)

3. Petitioner filed his federal Petition on August 13, 2001. The Petition, filed within one year of the date the underlying conviction became final, is timely under 28 U.S.C. § 2244(d)(1). Respondent answered on September 19, 2001, asserting that the Petition fails to state a meritorious claim cognizable under §2254. On September 26, 2001, I issued an Order requiring Respondent to file a motion to dismiss with supporting memorandum by October 29, 2001. On October 29, 2001, Respondent filed his Motion to Dismiss and Memorandum in support thereof. Petitioner filed a Response to the Motion to Dismiss on November 30, 2001. No reply was filed.

4. Petitioner raises the following grounds in support of his federal Petition:

    I. Conviction obtained by Court's extraneous influences and extrinsic ambiguity during the jury's deliberations in violation of the Sixth Amendment.

    II. Conviction was obtained by the use of evidence obtained pursuant to an unlawful inadmissible identification procedure.

    III. Plain error in jury instructions which were objected to at trial by defendant seriously affected the fairness and integrity of the judicial proceedings depriving Petitioner of a fair trial and due process.

5. Respondent has not raised the affirmative defense of failure to exhaust state remedies. The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The claims

presented herein are substantially similar to claims presented to the Supreme Court of New Mexico. (Answer, Exs. E and H.) Therefore, Petitioner has exhausted state remedies with respect to these claims. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

6. Respondent argues that Petitioner's claims do not implicate federal constitutional rights and Petitioner has failed to assert any facts that would call the constitutionality of his conviction into question. A federal habeas court is not a "super state supreme court." *Bowser v. Boggs*, 20 F. 3d 1060, 1064 (10th Cir. 1994) (*quoting Smith v. McCotter*, 786 F. 2d 697, 700 (5th Cir. 1996)). Accordingly, federal habeas corpus review is limited to federal constitutional or statutory law. *Lujan v. Tansy*, 2 F.3d 1031, 1034 (10th Cir. 1993). I agree with Respondent's contention that Petitioner has failed to raise any questions of federal constitutional magnitude.

7. In Issues I and III, Petitioner challenges the jury instructions given at his trial. Federal habeas review of jury instruction issues is quite limited, *Esquibel v. Rice*, 13 F. 3d 1430, 1432 (10th Cir. 1994), and Petitioner bears a heavy burden. *Hale v. Gibson*, 227 F. 3d 1298, 1325 (10th Cir. 2000); *Lujan v. Tansy*, 2 F. 3d at 1035. It is not enough that an "instruction is undesirable, erroneous or even 'universally condemned' " under state law. *Esquibel v. Rice*, 13 F. 3d at 1432 (*quoting Cupp v. Naughten*, 414 U.S.141, 146 (1973)). Petitioner must establish the instruction by itself so infected the entire trial that his conviction violates due process. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In other words, the instruction must have rendered the trial fundamentally unfair.

8. In Issue I, Petitioner asserts that his federal constitutional rights were violated when, during jury deliberations, the trial court realized that the jury instructions had not included the elements of the offense of breaking and entering. The trial court prepared an elements instruction and gave it to the jury. (Answer, Ex. E.) Similarly, in Issue III, Petitioner claims that his federal

3

constitutional rights were violated when, during jury deliberations, the trial court realized that the original verdict forms mistakenly stated that Petitioner's first name was "Randy" instead of "Robert." A corrected verdict form was tendered to the jury and was signed by the foreperson. (Answer, Ex. H.) The New Mexico Court of Appeals, in affirming the conviction, determined that any confusion of the jury was cured. (*Id.*)

9. The jury instructions were correct under state law and the did not render the trial fundamentally unfair. As there was no state law error in the instructions and they did not render the trial fundamentally unfair, no federal habeas relief is available for Issues I and III. Even if the instructions were erroneous, federal habeas relief would not issue unless I were convinced that the error resulted in a substantial and injurious effect or influence in determining the jury's verdict. *Hale*, 227 F. 3d at 1325. To the contrary, my review of the record convinces me that even if the jury instructions could be characterized as erroneous, they produced no constitutionally prohibited effect on the verdict.

10. In Issue II, Petitioner argues that the trial court committed plain error by permitting use of a twenty-five-year-old fingerprint card at trial, thereby depriving him of due process and a fair trial. Petitioner argued on direct appeal that the fingerprint card was inadmissible because Rule 11-609(B), NMRA prohibits admission of evidence of a conviction if more than ten years has elapsed since the date of the conviction or release of confinement, whichever is later. The New Mexico Court of Appeals held that this claim was not viable because Rule 11-609 pertains to the admission of prior convictions to impeach. (Ans. Ex. H.) The fingerprint card was offered to link Petitioner to the scene of the crimes charged and was not offered to impeach under Rule 609. Consequently, Rule 609 was inapplicable. Admission of the fingerprint card was proper under state law and did not deprive

Petitioner of due process or a fair trial. Even if admission of fingerprint card were improper, federal habeas relief would not issue unless I were convinced that the error resulted in violation of Petitioner's federal constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. Review of the record establishes that admission of the fingerprint card produced no federal constitutional violation.

11. The Petition fails to present a constitutionally cognizable claim. Accordingly, Respondent's Motion to Dismiss should be granted.

**RECOMMENDED DISPOSITION**

I recommend that Respondent's Motion to Dismiss (Doc. 13), filed October 29, 2001, be **GRANTED** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**