IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT ROMERO,**

      **Petitioner,**

vs.                                                                                   **No. CIV 01-0925 MCA/LCS**

**ERASMO BRAVO,**

      **Respondent.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Petitioner's Motion for Rule 60 Relief From Order Denying 2254 Habeas Petition (Doc. 25), filed October 16, 2002. The United States Magistrate Judge, having considered the Motion, memorandum, record, and applicable law, finds that Petitioner's Motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

1.    Petitioner's Rule 60(b) Motion seeks relief from an Order and Judgment filed by this Court on February 26, 2002. (Docs. 21 and 22.) The Order and Judgment denied Petitioner's application for relief under 28 U.S.C. §2254 on the grounds that the Petition failed to state a constitutionally cognizable claim. On April 5, 2002, Petitioner filed a notice of appeal. (Doc. 23.) On September 6, 2002, the Court of Appeals dismissed the appeal as untimely. (Doc. 24.)

2.    Rule 60(b) provides six different grounds for relief from a final order or judgment. *See* FED.R.CIV.P. 60(b). These grounds include mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the fact that a judgment is void; satisfaction of the

judgment; or any other reason justifying relief. *See Van Skiver v. United States*, 952 F.2d 1241, 1244, n. 4 (10th Cir. 1991). Petitioner has not shown how any of the requirements of Rule 60(b) have been met in this case. Instead, he has simply reargued the merits of his opposition to Respondent's Motion to Dismiss. These arguments were considered and rejected by this Court. Petitioner's remedy would have been through an appeal, but his appeal was dismissed as untimely.

      3.      No relief is available on Defendant's motion. As stated by the Court of Appeals for the Tenth Circuit, ". . . we are convinced that Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir. 1992). "Following appellate disposition, . . . the judgment is no longer subject to district court amendment beyond the ministerial dictates of the mandate, which encompasses the full scope of jurisdictional power granted to the district court on remand." *Id*. at 1534; *cf. Ramey Const. Co., Inc. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982) (jurisdictional issue may be reconsidered on remand). Here, there was no remand and the mandate contained no ministerial dictates. Petitioner's Rule 60(b) Motion should be denied.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Motion for Rule 60 Relief From Order Denying 2254 Habeas Petition (Doc. 25), filed October 16, 2002, be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**